[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Courtney Evans, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of trafficking in cocaine pursuant to R.C. 2923.03(A). His singular assignment of error is that the trial court erred in overruling his motion to suppress custodial statements that he had made to the police.
It is undisputed that, on March 1, 2000, Cincinnati police officers arrested Diane Kirskey on charges of possession of drugs. The prosecution adduced at the suppression hearing evidence that Evans had been in the company of Kirskey at the time of her arrest and had left the scene on foot, and that he had successfully eluded pursuit by the police. On March 2, 2000, one of the officers who had been involved in Kirskey's arrest saw Evans as he was waiting for a bus and ordered him taken by uniformed officers in a marked police vehicle to their district station. At about 6:50 p.m. on that evening, Evans was questioned by police and, in the process, gave statements that incriminated him.
The fundamental predicate of Evans's assignment is that he was not "Mirandized" before he made his statements to police. At the suppression hearing, Evans admitted that he had placed his initials upon a printed form, given to him by one of his interrogators, that detailed the applicable constitutional rights guaranteed to him. Evans's trial counsel, when he addressed the court before offering evidence to support the motion, deemed the motion to pose this issue:
 I think the issue you are going to have to decide [is whether,] at the time, if you take that as an incriminating statement, had he been Mirandized. If so, if he knowingly, intelligently, voluntarily waived those rights when he placed his initials on that statement. That, I think you will see, is the very narrow issue.
Evans, on appeal, additionally submits the following:
 Where a defendant is given to understand that he might reasonably expect benefits in the nature of more lenient treatment from the police, prosecutor or Court, in exchange for making statements, even if the statements are truthful, such motivation is deemed to make the statements involuntary and inadmissible.
 And, citing State v. Clark (1988), 38 Ohio St.3d 252, 527 N.E.2d 844, Evans concedes that the question of whether a waiver was made "must be determined on the particular facts and circumstances surrounding the case."
It is axiomatic that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts.State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; accord State v. Barnes (1986), 25 Ohio St.3d 203,495 N.E.2d 922. Evans's chief interrogator was a female officer who had first seen him when he was confined at the district station. When asked at the suppression hearing whether any promises had been made to Evans about "case consideration," i.e., a possible reduction in his sentence if he gave information about his drug suppliers, the officer testified that she had told Evans that, "due to his [possible] help, [she] would recommend something to the judge, but that the judge [would] have the final say." On the other hand, Evans's version of the facts was that the police had made him an "absolute promise" that the charge against him would "never make it to the courtroom," and that that representation had persuaded him to initial the form acknowledging that he had been given theMiranda advices.
After receiving all the evidence and hearing the arguments of counsel, the trial court overruled the motion upon this conclusion:
 [I]n my judgment, this whole motion to suppress rests upon the defendant's initialling [sic] at the end here afterwards. And let's face it, the defendant has had experience, knows his rights. He's been Mirandized before, so at that point in time he could have ignored that.
Immediately thereafter, Evans entered a plea of no contest and was found guilty and sentenced according to law.
Here, the trier of the facts was entitled to believe the state's witnesses. We find from the record no abuse of discretion in that process, nor can we say the result reached, viz., that Evans had been advised of his constitutionally guaranteed rights and had thereafter voluntarily and intelligently waived them, is not supported by the manifest weight of the evidence. Therefore, the assignment of error is overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired from the First District, sitting by assignment.